**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 04-4492

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

SILVANO TEJADA-CRUZ,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.   Louise W. Flanagan, District Judge.  (CR-03-369)

Submitted:  June 10, 2005          Decided:  June 27, 2005

Before WILLIAMS, MICHAEL, and GREGORY, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Thomas P. McNamara, Federal Public Defender, Stephen C. Gordon, Assistant Federal Public Defender, Raleigh, North Carolina, for Appellant.  Frank D. Whitney, United States Attorney, Anne M. Hayes, Christine Witcover Dean, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Silvano Tejada-Cruz appeals the district court's judgment entered pursuant to his guilty plea to illegal reentry following deportation, in violation of 8 U.S.C. §§ 1326(a), (b) (2000). On appeal, Tejada-Cruz asserts that in applying the three-point increase to his criminal history points, the district court engaged in unconstitutional fact-finding, in violation of Blakely v. Washington, 124 S. Ct. 2531 (2004). He does not challenge his conviction on appeal.

Because Tejada-Cruz did not object to the sentencing range set forth in the Presentence Report ("PSR") and adopted by the district court, this court's review of the district court's guideline calculation is for plain error. United States v. Olano, 507 U.S. 725, 732 (1993); United States v. Hughes, 401 F.3d 540, 547 (4th Cir. 2005). Under the plain error standard, Tejada-Cruz must show: (1) there was error; (2) the error was plain; and (3) the error affected his substantial rights. Olano, 507 U.S. at 732-34. Even when these conditions are satisfied, this court may exercise its discretion to notice the error only if the error "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." Id. at 736 (internal quotation marks omitted).

Because Tejada-Cruz is not challenging the fact of his prior convictions or disputing a fact about the convictions, we

conclude that the district court's addition of three points to his criminal history score based on the prior convictions and their recency did not violate his Sixth Amendment rights. <u>United States v. Booker</u>, 125 S. Ct. 738, 756 (2005) (reaffirming its holding in <u>Apprendi v. New Jersey</u>, 530 U.S. 466, 490 (2000), that "any fact other than a prior conviction" must be admitted by the defendant or proved to a jury); <u>Shepard v. United States</u>, 125 S. Ct. 1254, 1262 (2005) (recognizing the prior conviction exception post <u>Booker</u>, but holding that Sixth Amendment protections apply to disputed facts about a prior conviction).

Accordingly, because we find no error, we affirm Tejada-Cruz's conviction and sentence. <u>Olano</u>, 507 U.S. at 732-34; <u>Hughes</u>, 401 F.3d at 547. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>